1  Eugene P. Ramirez (State Bar No. 134865)
   Mary M. Kocsis (State Bar. No. 157299)
2  MANNING & MARDER
   KASS, ELLROD, RAMIREZ LLP
3  15th Floor at 801 Tower
   801 South Figueroa Street
4  Los Angeles, CA 90017
   Telephone: (213) 624-6900
5  Facsimile: (213) 624-6999
   Email: epr@mmker.com; mmk@mmker.com
6
   Attorneys for Defendant
7  CITY OF MONTEBELLO

```
FILED
CLERK, U.S. DISTRICT COURT
MAY 20 2008
CENTRAL DISTRICT OF CALIFORNIA
BY                         DEPUTY
```

8              UNITED STATES DISTRICT COURT

9              CENTRAL DISTRICT OF CALIFORNIA

10

11  ALICIA HERNANDEZ,                     ) Case No.: CV 07-06488 GHK (Ex)
                                          )
12                    Plaintiffs,         )
                                          ) **PROTECTIVE ORDER**
13  vs.                                   )
                                          )
14  CITY OF MONTEBELLO; HUGO              )
    FLORES, individually and in his capacity as )
15  a City of Montebello Police Department, and )
    DOES 1-20,                            )
16                                        )
                      Defendants.         )
17                                        )
    _____)
18

19       Defendants CITY OF MONTEBELLO and HUGO FLORES contend that the

20  information requested by plaintiff, ALICIA HERNANDEZ, from the CITY OF

21  MONTEBELLO in this matter is privileged, official information. However, the

22  CITY OF MONTEBELLO will produce the following documents, subject to a

23  Protective Order stipulated to by the parties.

24       1.   The parties, in the production or disclosure of documents in this case,

25  may designate certain documents as "CONFIDENTIAL" (collectively may be

26  referred to as "Confidential Documents").

27       2.   Confidential Documents generally do not include (1) documents already

28  in the possession of the party to whom the Confidential Document is being produced

1  or (2) documents available to the public. However, any party my retroactively
2  designate previously produced documents as Confidential.

3      3.    Attorneys for the parties shall personally secure and maintain the
4  Confidential Documents in their possession to the end that said Confidential
5  Documents are to be used only for the purposes set forth below and for no other
6  purpose.

7      4.    The Confidential Documents shall be used only in preparation for this
8  case, up to and including the completion of the judicial proceedings, including
9  appeal.

10      5.    Once the case proceeds to trial, documents that were designated as
11  Confidential may be admitted as evidence at trial without regard to the provisions of
12  the Protective Order, subject to any other available objections by any party. Anyone
13  who wishes to have such documents treated as Confidential may renew their request
14  before the trial judge.

15      6.    By entering into this protective order, there is no waiver of any
16  objections any party might have to the introduction of the Confidential Documents
17  into evidence at the time of trial. In addition, the production of Confidential
18  Documents by defendants pursuant to this Protective Order shall not constitute a
19  waiver of any objections that defendants may have to the production of the
20  Confidential Documents pursuant to the California Government Code, California
21  Evidence Code, California Penal Code or other applicable state or federal authority.

22      7.    Confidential Documents shall not be shown, produced or otherwise
23  disseminated to any member of the public, including the media.

24      8.    Any Confidential Document, if filed with the court or if attached as an
25  exhibit to a deposition or motion, shall be filed under seal after compliance with
26  Local Rule 79-5.1 et seq. absent stipulation among the parties or court order with
27  notice to all parties. If the contents of Confidential Documents are referred to or
28  discussed during a deposition, the portion of the deposition that discusses the

1  Confidential Documents shall be treated as a protected document hereunder. If a
2  portion of deposition testimony is considered to be confidential by any party, that
3  party should designate which portion of the deposition is to be considered
4  confidential and the reasons for the designation, Any counsel may object and if a
5  good faith meet and confer cannot resolve the issue, then any party may seek an
6  appropriate judicial remedy.

7      9.    Dissemination of the Confidential Documents during the pending
8  judicial proceedings shall be limited to the parties, counsel for the parties, the parties'
9  witnesses during a deposition, staff of counsel, expert witnesses and the court. A
10 court reporter may also be provided with the Confidential Documents but where it
11 has been attached to a deposition and then the protected document must be under seal
12 and clearly marked as "Confidential – Subject to Protective Order."

13     10.    Prior to any disclosure of any Confidential Documents to any person
14 referred in Paragraph 9, such person shall be provided by counsel with a copy of this
15 Protective Order and shall in writing state that he or she has read this Order and
16 agrees to be bound by its terms. Said counsel shall retain each signed writing.

17     11.    At the conclusion of the legal proceedings in this matter, each person
18 who has received a copy of Confidential Documents (court personnel excluded) shall
19 return all such Confidential Documents to the attorneys for the party who gave
20 him/her the copy. All copies of the Confidential Documents must then be returned to
21 the party who produced the Confidential Documents at issue.

22     12.    Any party may make an electronic copy of any Confidential Document.
23 If, in the future, an electronic copy of any Confidential Document is necessary for a
24 court filing pursuant to electronic filing rules, the parties agree to meet and confer to
25 discuss any appropriate exceptions or modifications to the Protective Order for that
26 purpose.

27     13.    Any party may designate medical records as confidential. These
28 documents can be shown to any party and the party should be allowed to copy the

1  documents to the extent they need to be shared with expert witnesses and/or
2  consultants. These documents shall be returned after the litigation has concluded.
3      14.    The attorneys for the parties shall not cause or knowingly permit
4  disclosure of the contents of the Confidential Documents beyond the disclosure
5  permitted under the terms and conditions of this Order.
6      15.    Protected documents in this Order shall be clearly marked by means of a
7  stamp indicating "Confidential Subject to Protective Order."
8      16.    All designations of confidential material in this case must be made in
9  good faith. Any party who either objects to any designation of confidentiality, or
10 who, by contrast, requests still further limits on disclosure (such as in camera review
11 in extraordinary circumstances), may at any time prior to the trial of this action serve
12 upon counsel for the designating person or party a written notice stating with
13 particularity the grounds of the objection or request. If agreement cannot be reached
14 promptly, counsel for the objecting party may seek appropriate relief from the Court
15 in accordance with Local Rule 37.
16     17.    Any party who violates this protective order may be subject to contempt
17 and/or sanctions as the Court may deem appropriate upon notice and an opportunity
18 to be heard (pursuant but not limited to FRCP 26 and/or FRCP 37).

Dated:  February 29, 2008

MANNING & MARDER
KASS, ELLROD, RAMIREZ LLP

By: _____
    Eugene P. Ramirez

Attorneys for Defendant
CITY OF MONTEBELLO

///
///
///

Case 2:07-cv-06488-GHK-E  Document 26  Filed 05/20/08  Page 5 of 6  Page ID #:62
02/27/2008  14:01  2133804585  LEHK LLP  PAGE  05/06
Case 2:07-cv-06488-GHK-E  Document 25  Filed 05/20/2008  Page 5 of 6

1  Dated: February 27, 2008             LITT, ESTUAR, HARRISON &
2                                       KITSON LLP
3
4                                       By /s/ Robert M. Kitson
                                            Robert M. Kitson
5                                       Attorneys for Plaintiff,
                                        ALICIA HERNANDEZ
6
7  Dated: February __, 2008             LAW OFFICES OF GLEN E. TUCKER
8
9                                       By_____
                                            Glen E. Tucker, Esq
10
                                        Attorneys for Defendant
11                                      OFFICER HUGO FLORES
12
13                                      **ORDER**
14
   **IT IS SO ORDERED.**
15
16  Dated: 5/20, 2008                   /s/
17                                      ~~Judge of the United States District Court~~
                                        Charles F. Eick
18                                      United States Magistrate Judge
19
20
21
22
23
24
25
26
27
28

G:\docsdata\EPR\Hernandez\Discovery\Protective Order Final_mtd.wpd        5

Case 2:07-cv-06488-GHK-E Document 26 Filed 05/20/08 Page 6 of 6 Page ID #:63
03/10/2008 10:15 3104102010 PAGE 02/02
Case 2:07-cv-06488-GHK-E Document 25 Filed 05/20/2008 Page 6 of 6

| | |
|---|---|
| 1   Dated: February __, 2008 | LITT, ESTUAR, HARRISON & KITSON LLP |
| 2 | |
| 3 | |
| 4 | By_____ |
| | Robert M. Kitson |
| 5 | Attorneys for Plaintiff, |
| 6 | ALICIA HERNANDEZ |
| 7   Dated: March 7, 2008 | LAW OFFICES OF GLEN E. TUCKER |
| 8 | |
| 9 | By_____ |
| 10 | Glen E. Tucker, Esq |
| 11 | Attorneys for Defendant |
| | OFFICER HUGO FLORES |
| 12 | |
| 13 | **ORDER** |
| 14 | |
| 15   IT IS SO ORDERED. | |
| 16   Dated: _____, 2008 | |
| 17 | Judge of the United States District Court |

G:\docsdata\EPR\Hernandez\Discovery\Protective Order Final.wpd     5